IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WACHOVIA BANK, N.A.,                )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )    1:07CV00018
                                    )
JAMES ROBERT ELLISON                )
                                    )
     Defendant.                     )

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Plaintiff Wachovia Bank of North America ("Wachovia") initiated a foreclosure action against Defendant James Robert Ellison in the Cabarrus County Superior Court (Case No. 06-SP-1179). Defendant removed the case to this court. Plaintiff claims that Defendant improperly removed the case, and now seeks to remand the case to the Cabarrus County Superior Court. For the reasons set forth below, the court finds that remanding this case is appropriate.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about December 8, 2006, Plaintiff initiated a foreclosure proceeding against Defendant for foreclosure of Defendant's property.  After receiving notice of the foreclosure hearing, Defendant filed a notice of removal and removed the proceeding to this court.  Defendant then sought a temporary

restraining order to prevent the Cabarrus County Superior Court from continuing with the foreclosure of his property.  Without a formal ruling by this court, the Cabarrus County Superior Court stayed the foreclosure action in light of Defendant's motion to remove.

**II.  ANALYSIS**

Courts strictly scrutinize motions to remove because there is a strong presumption against removal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).  This presumption places the "burden of establishing federal jurisdiction . . . upon the party seeking removal."  Id. at 151 (citation omitted).  Defendant claims that removal is warranted because this court has both subject matter jurisdiction and diversity jurisdiction.

**A. Subject Matter Jurisdiction**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a) (2007).  The original jurisdiction of district courts includes "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2007).  In this case, Defendant maintains that removal is proper because he was denied his rights to due process of law in violation of the Constitution.

2

A district court's jurisdiction over a federal question is determined by the substance of the complaint filed against a defendant. This tenet of law is commonly known as the well-pleaded complaint rule. Under the well-pleaded complaint rule, federal jurisdiction exists only if the face of a plaintiff's complaint raises an issue of federal law. See Nordan v. Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006). The complaint must distinctly present a federal question as the underlying cause of action because "merely having a federal defense to a state law claim is insufficient to support removal, since it would also be insufficient for federal question jurisdiction in the first place." Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005) (citation omitted). The current matter is nothing more than a foreclosure proceeding, a cause of action over which North Carolina courts, not federal district courts, have original general jurisdiction. See N.C. Gen. Stat. § 7A-240; see also In re Foreclosure of the Deed of Trust, 2003 U.S. Dist. LEXIS 12161 (M.D.N.C. 2003). All of the constitutional claims raised by Defendant exist as defenses to Plaintiff's action against him and are distinctly absent from the original complaint. Accordingly, this court does not have subject matter jurisdiction.

### B. Diversity Jurisdiction

Under 28 U.S.C. § 1441(b), removal of a matter to federal court in the absence of a federal question is allowed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Since Defendant admitted to being a citizen of North Carolina and the original action began in a North Carolina court, removal of this matter is not appropriate. Accordingly, Plaintiff's motion to remand will be granted and Defendant's motion to remove will be denied.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion to Remand [12] is GRANTED. Defendant's Motion for an Order of Removal of a Civil Case [8] is DENIED.

Since this court cannot exercise removal jurisdiction over the matter,

IT IS FURTHER ORDERED that Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction [7], Motion for Default on Lack of Response [14], Motion to File Amended Petition for Removal [25], and Motion to File Amended Response in Opposition to Motion to Remand to State Court [26] are DENIED as moot.

4

This the 17th day of April 2007.

　　　　　　　　　　　　　　　　　　　／s／ William L. Osteen
　　　　　　　　　　　　　　　　　　　United States District Judge