IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WACHOVIA BANK, N.A.,            )
                                )
    Plaintiff,                  )
                                )
    v.                          )      1:07CV00018
                                )
JAMES ROBERT ELLISON,           )
                                )
    Defendant.                  )

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Plaintiff Wachovia Bank of North America ("Wachovia") initiated a foreclosure action against Defendant James Robert Ellison in the Cabarrus County Superior Court (Case No. 06-SP-1179). Defendant removed the case to this court and Plaintiff successfully remanded the action. Defendant now seeks reconsideration of the court's decision to remand the case to state court. For the reasons set forth below, the court finds no grounds for reconsideration.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about December 8, 2006, Plaintiff initiated a foreclosure proceeding against Defendant for foreclosure of Defendant's property. After receiving notice of the foreclosure hearing, Defendant filed a notice of removal. Defendant then sought a temporary restraining order to prevent the Cabarrus

County Superior Court from continuing with the foreclosure of Defendant's property.  During this time, Plaintiff filed a motion to remand the case to the Cabarrus County Superior Court.  The court granted Plaintiff's motion after determining that it could not exercise jurisdiction over the matter.  Defendant subsequently moved for reconsideration of this decision.

**II. ANALYSIS**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may move for relief from a final judgment or order if a motion is filed within a reasonable time.  Fed. R. Civ. P. 60(b).  Disposing of motions filed under Rule 60(b) is generally left to the discretion of the district court.  <u>Werner v. Carbo</u>, 731 F.2d 204, 206 (4th Cir. 1984) (citations omitted).  For Rule 60(b) to apply, however, "the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."  <u>Id.</u> at 206-07 (citation omitted).  Once the moving party satisfies these criteria, that party must fit within one or more of several circumstances in which Rule 60(b) vests the court with authority to grant relief from a final judgment, including

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or

2

>   otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b); Werner, 731 F.2d at 207.

In this case, Defendant seeks reconsideration of the court's ruling based on his "unalienable [sic] right to appeal." In order for a court to reconsider a final judgment, a plaintiff must demonstrate the existence of extraordinary circumstances that would justify a review of a previous ruling. This requirement exists because a "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649 (2005) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 873, 108 S. Ct. 2194, 2209 (1988) (Rehnquist, C. J., dissenting)). Adherence to this principle helps courts "preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation and internal quotations omitted).

Here, Defendant fails to support his motion with any set of facts or even accusations that would show the presence of extraordinary circumstances. In fact, Defendant provides no grounds at all for this motion. Instead, he requests a reconsideration of the ruling based only on the fact that he has

3

a right to submit such a motion.  Though courts generally loosen the rules of procedure for pro se litigants, neither "inattention [nor] inexperience . . . constitutes a [sic] 'extraordinary circumstance' that justifies Rule 60(b)(6) relief." <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997) (citation omitted).  Accordingly, Defendant's motion for reconsideration will be denied.[1]

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Defendant's Motion for Reconsideration [28] is DENIED.

This the 19th day of July 2007.

_____
United States District Judge

---

[1] Since Defendant cannot clear the initial hurdle of demonstrating the presence of an extraordinary circumstance, it is unnecessary for the court to address any additional arguments that Defendant may have made in support of his motion.

4